CHARLES W. HOPE, d/b/a HOPE ELECTRIC COM-
PANY, v. THE REBEL MOTEL, Incorporated, et al.
—292 S. W. (2d) 477.

Western Section, Jackson. April 22, 1955.

Petition for Certiorari denied by Supreme Court, August 2, 1955.

Taylor & Taylor and Lloyd C. Kirkland, Jr., Memphis,
for appellant.

A. C. Muir, Memphis, for appellees.

AVERY, J. This cause comes from the Chancery Court of Shelby County, Charles W. Hope, dba Hope Electric Company, Appellant and original Complainant, and cross-defendant v. The Rebel Motel, Incorporated, S. D. O'Dell and his wife, Mamie M. O'Dell, Thomas M. Hobbs, Reconstruction Finance Corporation, and Carl A. Sanford, Appellees and original Defendants, the Motel, O'Dells and Sanford, also being cross-complainants.

The parties will be referred to hereinafter in accord with their respective original designation in the lower court.

The suit was originally brought by complainant to recover the unpaid balance due for electrical work done by complainant in and on the property referred to as Rebel Motel, Inc.; for the declaration of a lien on said property; appointment of receiver; for attachment of alleged lien properties, and for judgments against defendants, Carl A. Sanford, S. D. O'Dell and his wife, Mamie M. O'Dell, and The Rebel Motel, Inc., but complainant dismissed the suit against Thomas M. Hobbs, Reconstruction Finance Corporation, and Carl A. Sanford. The complainant waived his right to a lien for the work done and materials furnished, and the attachment was dismissed.

In view of the fact that the lien was waived, the attachment dismissed, and the bill dismissed as to all parties except defendants, The Rebel Motel, Inc., S. D. O'Dell and his wife, Mamie M. O'Dell, against which defendants the complainant seeks to recover judgment, it is unnecessary to minutely state the contents of the original bill and answers, only referring to that part of it necessary to the determination of the particular matter pending in this Court.

The bill alleged that defendants were indebted to complainant for the electric work and materials furnished and installed in the Motel building; that the work done and materials furnished on the first section of the Motel, consisting of about 13 units, was by an oral agreement between the parties for which the complainant was to have reasonable compensation; that the general work done on the remaining 29 units was in a written contract, with the exception of certain extras, and after the bill was properly amended, complainant sought to collect $1,056.47 alleged balance due.

Answers were properly filed by all the parties, and defendants The Rebel Motel, Inc., S. D. O'Dell and wife, Mamie M. O'Dell, alleged that all the electrical work done by the complainant on The Rebel Motel, Inc., was included in a written contract which provided for a consideration of $1,760, and that the total contract price had been paid. They alleged that the work done by complainant was carelessly and improperly done; that the installations were not properly made and that as a result of the inferior work done by complainant, it was made necessary for them to expend considerable sums, which are set out in the answers, and they filed a cross-bill against complainant by which they sought to recover the total amount they were required to expend on account of such defective workmanship.

The suit really resolved itself into an accounting between the parties by which it was to be determined what part of the material and labor furnished and done by complainant was covered by the written contract and what part, if any, was extra or not included in the written contract, and also the amount expended by defendants

in correcting the careless, negligent and inferior work done by complainant.

The Chancellor referred the issues to the Master, his Order in that regard being:

"Ordered, adjudged and decreed that the cause be and the same is hereby referred to the Clerk and Master to hear proof and to report to the Court the work originally contracted to be done by the complainant, Charles W. Hope, and the defendants, Rebel Motel, Inc., S. D. O'Dell and wife, Mamie W. O'Dell, the contract price thereof, what amount, if any, has been paid, what extra work, if any, was contracted to be done, the amount, if any due therefor, and the amounts, if any, due to Rebel Motel Incorporated, S. D. O'Dell and Mamie M. O'Dell, or either of them, by the complainant, Charles W. Hope, for materials or labor furnished by them or by reason of defective workmanship or materials, and, lastly, to state the final account as between the complainant, Charles W. Hope, and Rebel Motel, Incorporated." (R. 43.)

Twelve witnesses testified orally before the Clerk and Master, in accord with the agreement that the case would be tried on oral testimony. Many exhibits were introduced, including two copies of the written contract, Invoice No. 247, Invoice No. 442 shown in the Master's Report as No. 640, Invoice No. 507, Invoice No. 512, Invoice No. 513, Invoice No. 514, and the ledger sheet, in behalf of complinant, all of which were taken into consideration by the Clerk and Master. Other exhibits were introduced in behalf of the complainant, showing certain work done

by complainant on other structures belonging to the defendants.

Many exhibits were introduced in behalf of defendants, consisting of invoices which he claimed to have rendered to him and which were paid by him, in order to correct the faulty work done in the installations by complainant. Nine of the items shown by these exhibits were allowed by the Master. (R. 303.) Without setting out each item included in the Master's Report and Finding, it is only necessary to say that the Master found that complainant and defendants had executed a contract calling for payment of $1,760, all of which has been paid. He found that extra work outside of that called for in the contract had been done by complainant, as shown by seven invoices totaling $2,242.72. He found that the defendants were entitled to credits thereon of four items totaling $1,186.25, making a balance due by defendants to complainant of $1,056.47. (R. 302-303.) He further found that defendants were entitled to recover under their cross-bill, which he designated as ''the amount due Rebel Mot. Inc., by reason of defective workmanship or materials'', nine items paid by defendants, three of which were to the A. C. Electric Company and six of them were to Normal Electric Company, totalling the amount of $849.04. The Master then reported that the item of $1,056.47 due complainants by defendants should be credited with the total cost of correcting this inferior work of $849.04, as a set-off, leaving a balance due complainant of $207.43 (R. 303.)

This Report was filed on the 18th day of March, 1954. On April 2, 1954, exceptions were filed by defendants to the Report of the Master. These exceptions covered a great deal of the Report of the Master, particularly the

invoices allowed by the Master for extra work and to Invoices No. 247, No. 507, and No. 512, totalling more than $1,500. It was insisted that these items were covered by the written contract. Exceptions were made to Invoice No. 640, the contention being that it was for work not authorized by defendants. This item was only for $63.39. Exceptions were made to Invoice No. 513 in the amount of $571.61. As to this item the contention is that it should be $392. Exceptions were made to Invoice No. 514, the contention being that this was an unauthorized item, and amounted to $102.82. Exceptions were also taken to the finding of the Master in connection with items of labor and material furnished by defendants and which should have been credited against the amount allowed complainant. No definite amount is set out in this exception.

The Chancellor overruled and disallowed every exception taken except one item in Exhibit No. 5, Invoice No. 512. That total invoice consisted of six items, which the Master found was outside of or "extra" over and above the material and labor provided for in the written contract. This entire invoice will be set out hereinafter, and particular attention given to the one item which the learned Chancellor found should have been included in the amount owing the complainant. The Master and the Chancellor having concurred in the Master's Report with the exception of this one item, and this Court is precluded from giving any consideration to such concurrence of the Master and the Chancellor. Gibson's Suits In Chancery, Fourth Edition, sec. 619; Code of Tennessee, sec. 10620; Lebanon Bank & Trust Co. v. Granstaff, 24 Tenn. App. 162, 141 S. W. (2d) 924.

Invoice No. 512 is dated November 10, 1950. The six items set out therein are as follows:

| | |
|---|---:|
| "Basic unit wiring | $ 515.00 |
| 4 Heating plants | 40.00 |
| 1 Circuit for pump and wiring | 10.00 |
| 1 Sign wiring—clock, magnetic contacts and underground | 224.47 |
| Meter center | 142.00 |
| 2 one inch stub outs for future outlets | 20.00 |
| (Total) | $ 951.47" |

In sustaining the exceptions to this item, the Decree of the Chancellor thereon is as follows:

"* * * on consideration of all of which the Court finds and holds as a matter of law, that part of Exception No. 1, Exhibit 5, Invoice 512, first line thereof being 'Basic Unit Wiring' $515.00 should be sustained and allowed as a credit against the findings of the Clerk & Master of $207.43 against defendants or a difference in their favor of $307.57 and that with this exception the report of the Clerk & Master should be confirmed." (R. 311.)

Upon that finding, as set out within the above quote, the Chancellor decreed as follows:

"It is therefore ordered, adjudged and decreed by the Court that said report of the Clerk & Master be and the same is hereby confirmed with the exception of that part of Exception No. 1 Exhibit 5 Invoice 512, first line thereof being 'Basic Unit Wiring' $515.00, which said exception in said amount of $515.00 be and the same is hereby sustained and allowed as a credit

against the findings of the Clerk & Master of $207.43, against defendants or a difference in their favor of $307.57 as against Complainant herein.

"It is further ordered adjudged and decreed by the Court that said defendants, the Rebel Motel Inc., S. D. O'Dell and wife Mamie M. O'Dell have and recover from Complainant Charles W. Hope the same sum of $307.57 together with costs of this cause which are adjudged against said complainant, for which execution will issue."

The remainder of the Decree is not pertinent except to show that the complainant preserved his exceptions to the Decree of the Chancellor with respect to the item of $515, prayed, was granted, perfected appeal to this Court, and has filed Assignments of Error. Correctly speaking, there is but one Assignment of Error. Counsel for complainant has assigned the action of the Court to be both error of law and of fact, in two separate Assignments. The two Assignments simply mean that the Chancellor errer in ruling that the $515 charge for Basic Unit Wiring was included in the written contract, and that he erred in sustaining that part of defendant's Exception No. 1, Exhibit 5, Invoice No. 512, concerning the item of $515 for Basic Unit Wiring.

As to this item of $515, the Master and the Chancellor have disagreed, and this Court is required to examine the record and to make a determination with respect to said item of $515. If the Master is to be affirmed in his Report, a judgment will be rendered in favor of complainants for $207.43, and if the Chancellor is to be affirmed, the judgment will be for the cross-defendant and against complainant in the amount of $307.57.

We have read this record carefully and much of it we have read three times, and we are of the opinion that the Report of the Master is correct based upon the facts in this case as shown by the proof. The Chancellor in his findings, which constitute the first paragraph of his Final Decree, ignoring any other parts of the Decree, has shown as the basis for his Opinion that the Master was in error in reporting the item of $515 to be a proper charge against the defendant and in favor of complainant. The only thing that is set out in the record which might indicate otherwise is the simple statement in the first paragraph of the Final Decree to the effect that:

"* * * on consideration of all of which the Court finds and holds as a matter of law, that part of Exception No. 1, Exhibit 5, invoice 512, first line thereof being 'Basic Unit Wiring' $515.00 should be sustained and allowed as a credit against the findings of the Clerk & Master * * *."

It will be observed that the Chancellor does not say in his Decree or in his Findings that his action was based upon the fact that the item was included in the written contract, and the written contract makes no express statement that it is included thereon, so resort for a determination of this item must be to the oral testimony and the exhibits supporting the same, as well as to the meaning or construction of the written contract.

The written contract is very inartificially drawn. It was perhaps written by complainant, as same appears on a sheet of paper with his letterheading thereon. Some of it is typed and some of it is in longhand in ink. The contract was prepared in duplicate, one copy kept by complainant and one by defendants. The carbon copy was in-

troduced on direct examination of plaintiff as Exhibit 1 and the original of the contract appears as Exhibit 14 to the complainant's cross-examination. The contract is in letter form. It is short and so that it might be easily observed, we here show it in full, as follows:

"Hope Electric Co.
Memphis, Tenn.

June 17, 1950

"S. D. O'Dell
Oakville, Tenn.

"Dear Sir:

"We are pleased to quote you a price of $1760.00 for the electrical work on the Rebel Motel, Oakville, Tenn.

"We propose to furnish all materials, tools, labor, and supervision for the following:

1 Ceiling light and switch for entry (per unit)

1 Ceiling light, switch and 2 receptables in main room (per unit)

1 Ceiling light, and switch in bathroom (per unit)

23 Outlets for ½ HP air condition units to be located at partition walls. (3 outlets per cir.)

3 Outlets for post lights to be located in center (post by owner)

2½ HP motor unit in #2 heating room for water circulators

> All ditches to be dug and backfilled by General or Owner.
>
> All fixtures to be furnished by the General Contractor or owner, and hung by electric contractor.

"The terms are 75% on the rough-in and balance when the fixtures are hung.

"All meter centers and underground cables are to be furnished and installed by electrical contractor.

"/s/ Rebel Motel, Inc.   "Yours turly,

_____   /s/ Charles W. Hope

S. D. O'DELL
Oakville, Tenn.

HOPE ELEC. CO.

/s/ S. D. O'Dell     Charles W. Hope"

As above stated, some of the above contract is in ink and longhand and wherever the interlineations are in ink they are initialed "S. D. O."

As we view the situation, this questioned invoice speaks for itself. The Master found each item on it to be a proper charge and the Chancellor has affirmed five of those items, excepting only the one for $515. Looking at the invoice for whatever it may be worth, if it constitutes evidence in this case, then the whole invoice should have been allowed or it all should have been rejected. We cannot reject it in toto because there is a concurrent finding of the Chancellor and the Master as to five of these supecific items carried into the same invoice on the same sheet of paper.

Looking at the contract, as hereinabove set forth, there is no statement in it which would warrant the Court in determining that one item of that invoice was embraced within it, if indeed that contract constituted the basis on which the Chancellor found, as a matter of law, that the $515 was not a proper charge, and there is nothing in it by which it could be determined that the other five items of that Invoice No. 512 were either included or rejected.

In the defendants' reply brief, learned counsel for them has said:

"The rule that the Courts must adopt the practical construction of a contract placed thereon by the parties applies only to cases where the language used is indefinite or ambiguous." Citing Fidelity-Phenix Fire Ins. Co. v. Jackson, 181 Tenn. 453, 181 S. W. (2d) 625.

Applying that rule insisted on by the defendants to the contract here before us, in view of the interlineations within the contract, and the further fact that the contract nowhere mentions the number of units which Hope Electric Company was to supply with electrical wiring, etc., nor the number of units to be constructed in the Motel, and taking it as a whole the contract obviously presents ambiguities to the extent that it takes oral testimony to explain it, to determine what number of units it covers, and the work to be done in order to comply with its terms. In the first paragraph, the contract quotes the price:

"for the electrical work on Rebel Motel, Oakville, Tenn."

The sentence immediately following states that:

"We propose to furnish all materials, tools, labor and supervision for the following:"

Thereafter is set out items, some of which have such indefinite description as that it requires oral testimony to tell what is really meant. Except for the oral testimony, the Court could not know that there were 42 units in the whole structure of the defendants' Motel. It could not be ascertained that 13 units were first built and the work thereon had practically been finished, so far as electrical installation is concerned, prior to the date of the written contract, and thereafter 29 units were built. The positive testimony of the complainant, Hope, is to the effect that the written contract covers nothing that was done by his company on the 13 units, and that it only included his work on the remaining 29 units. On the other hand, it is contended by the defendants that the written contract covered all the work to be done by the complainant on all of the 42 units, and in the face of the fact that it is positively shown that Hope had been paid $386.25 in the month of April before the contract was written the following June 17th, and included along with the other items therein allowed by both the Chancellor and the Master.

The positive testimony of the complainant is as follows:

"Q. Now under November 10th you have a charge under invoice number 512 of 950—A. Five what?

"Q. 572. (Evidently typographical error and should be 512) A. All right, sir.

"Q. Which covered the basic unit wiring of $575. What is that for?- (The inquiry was evidently with respect to 515.) A. The light wiring and to control the lighting for the first 13 units.

"Q. Those items were not covered by the $1,750 contract? A. No, sir." (R. 53.)

There is nothing in the Report of the Master nor in the Decree of the Chancellor by which it can be determined whether the "extras" mentioned in the Order of Reference and the Report of the Master were furnished, in part, before the contract was ever written or signed, and in part after the execution of the written contract. It can as well be said that these "extras" were both before and after the execution of the contract. However that may be, proof in this case by depositions and by the invoices themselves show facts which clearly substantiate the findings of the Master with respect to this item of $515 as an "extra", or that it was not included in the written contract.

We find no fault with the law governing the interpretation of contracts as stated by counsel for each of the parties in their respective briefs and arguments. We think this whole case turns on the question of fact, and not on a question of law. Unquestionably some of the work done by complainant was not up to standard, and had to be done over and the Master took that into consideration and gave the defendant the benefit thereof and credit for the cost thereof to the extent of $849.04.

Briefly stated, the Master reported that the defendants owed the complainant $1,056.47, and that complainant owed defendants a set-off against that amount of $849.04. Stated in other words, the Master found that complainant

had, under his written contract and for extras over and above the written contract, furnished materials and performed labor in the sum of $4,002.72. He found that complainant collected $1,760 plus $1,186.25, making a total of $2,946.25; and that complainant was due to make good to the defendants the amount that defendants had expended in the correction of complainant's defective workmanship to the extent of $849.04, which added to the $2,946.25, makes a total of $3,795.29. Subtracting that amount from the $4,002.72 leaves a balance owing complainant of $207.43, which we find is abundantly sustained by the proof.

It results therefore, that the Assignments of Error are sustained, the Decree of the Chancellor reversed, the Report of the Master confirmed in toto, and judgment will be rendered sustaining the Report of the Master, and against the defendants, The Rebel Motel, Inc., S. D. O'Dell and Mamie M. O'Dell, in favor of the complainant, Charles W. Hope, dba Hope Electric Company, for said amount of $207.43, together with the costs of the cause, which costs are taxed to the defendants and their sureties on their cost bond as cross-complainants.

Carney and Bejach, JJ., concur.